UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>ENRIQUE INFANTE, JR. (1),<br><br>                                Defendant. | Case No. 18cr1265-MMA-1<br><br>**ORDER APPOINTING COUNSEL AND SETTING BRIEFING SCHEDULE;**<br><br>**AND DENYING MOTION FOR RECONSIDERATION AS MOOT**<br><br>[Doc. No. 66] |

      On December 22, 2021, Federal Defenders provided the Court with a status report pursuant to General Order 692-B.  Doc. No. 64.  In the status report, Federal Defenders informed the Court that Defendant Enrique Infante, Jr. would benefit from the assistance of counsel in filing a motion for compassionate release, but that Defendant's previously appointed CJA Panel Attorney, Gerald T. McFadden, is unavailable at this time.

      Accordingly, the Court hereby **ORDERS** that Attorney Gary P. Burcham, 402 West Broadway Suite 1130, San Diego, CA 92101, be appointed as Defendant's counsel for the limited purpose of filing a motion for compassionate release. *See* General Order 692-B.  Additionally, the Court **SETS** the following briefing schedule: Defendant's motion for compassionate release shall be filed on or before **March 15, 2022**.  The government shall file its response, if any, on or before **April 12, 2022**.

Further, the Court **DENIES** Federal Defenders' motion for reconsideration as moot.[1]  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order on Mr. Burcham at the above noted address and update the docket accordingly.

**IT IS SO ORDERED**.

Dated:  January 14, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] While General Order 692-B provides that Federal Defenders must file a status report with the Court upon receiving a "*direct request*," General Order 692-B(4) (emphasis added), the Court is dubious that its obligation to issue an order regarding the appointment of counsel is triggered prior to the filing of a motion.  *See* General Order 692-B(5) ("[T]he judge considering *the motion* will issue an order . . . .") (emphasis added).  Moreover, General Order 692-B plainly gives the Court the discretion to either appoint counsel "or determine[e] that appointment of counsel is unnecessary to adjudicate the motion . . . ."  *Id.*  Therefore, the Court's prior decision, declining to appoint alternate counsel absent a pending motion or any showing that the assistance of counsel is appropriate or necessary, was not in clear error.  And in any event, the motion is now moot.